IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| **WILLIAM SPEER,** | § | |
| Petitioner, | § | |
| vs. | § | Civil Action No. 2:04cv269 |
| **DOUG DRETKE, Director**, Texas Department of Criminal Justice, Correctional Institutions Division, | § § | |
| Respondent. | | |

## **OPINION AND ORDER**

This case comes before the Court on petitioner William Speer's ( "Speer's") motion to stay and abate his current federal *habeas corpus* proceedings (docket entry # 23 ), filed on March 23, 2008. The court, having considered the circumstances alleged and authorities cited in the motion and the response, finds that the motion is well-taken and it will be granted.

Speer was convicted of capital murder and sentenced to death. He filed an application for a writ of *habeas corpus* in which he raised four claims for relief. He now contends that he "has recently discovered several meritorious claims which were not presented to the state courts." The claims are based upon the prosecution's failure to disclose to his trial counsel that it had offered incentives to inmate witnesses in exchange for their testimony.

When presented with an application containing both exhausted and unexhausted claims, federal courts have four options:

1. Dismiss the entire application and direct the defendant to present the claims to the state court and then refile his federal application once that court decides those claims, *see Rose v. Lundy*, 455

U.S. 509, 518-19 (1982);

2. Stay the federal proceedings to allow the defendant to present the claims to the state court and return to federal court after they have been decided, *see Rhines v. Weber,* 544 U.S. 269 (2005);

3. Treat the claims as if they have been procedurally defaulted, *see Finley v. Johnson,* 243 F.3d 215, 220 (5th Cir. 2001); or

4. Deny the claims on the merits, *see* 28 U.S.C. Sec. 2254(b)(2).

In the present case, Speer requests that the Court utilize the second option, while respondent Nathaniel Quarterman ("the Director") contends that the Court should employ the third option. The Court will consider the Director's argument first.

Concern for comity and federalism has led to an understanding that the state courts should have the first opportunity to decide post-conviction claims that are based upon the federal Constitution, and that in resolving those claims, the state courts may require that their usual procedures be followed. *Edwards v. Carpenter,* 529 U.S. 446, 451 (2000). Accordingly, if an inmate fails to present a federal constitutional claim to the state courts, the federal court may not grant relief on the claim: the inmate must return to the state court and present the claim before the federal court will consider it. In addition, if an inmate raises a federal constitutional claim but fails to follow regularly applied state rules of procedure, and as a result the state court declines to consider the merits of the claim, the federal court is generally precluded from considering the merits of the claim. *Wainwright v. Sykes*, 433 U.S. 72, 86-87 (1977).

In *Finley v. Johnson,* 243 F.3d 215, 220 (5th Cir. 2001), the United States Court of Appeals for the Fifth Circuit created a hybrid of these two rules. The court held that if an inmate presents a claim to the federal courts that was not presented to the state courts, the federal court did not necessarily have to send the inmate back to state court. If, because of a regularly applied state procedural rule, it appears that the state court would refuse to reach the merits of the claim if the federal court sent the inmate back to state

court, the federal court could treat the claim as if the state court had already refused to consider the merits of the claim, and accordingly refuse to address the merits of the claim itself. In *Wilder v. Cockrell*, 274 F3d 255, 262-63 (5th Cir. 2001), the Fifth Circuit clarified that in order to treat an unexhausted claim as procedurally defaulted, it must be "entirely clear" to the federal court that the state court would refuse to consider the merits of the claim if the petitioner returned to that court.

The first issue for the Court, then, is whether it is entirely clear that the state court would refuse to address the merits of Speer's new claims if he were to return to that court and file a second post-conviction petition. In order to predict what the state court would do under these circumstances, the Court must interpret state procedural law.

> TEX. CODE CRIM. PROC. art. 11.071, § 5, provides:
>
> (a) If a subsequent application for a writ of habeas corpus is filed after filing an initial application, a court may not consider the merits of or grant relief based upon the subsequent application unless the application contains specific facts establishing that:
>
>> (1) the current claims and issues have not been and could not have been presented previously in a timely initial application or in a previously considered application filed under this article or Article 11.07 because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application;
>>
>> (2) by a preponderance of the evidence, but for a violation of the United States Constitution, no rational juror could have found the applicant guilty beyond a reasonable doubt; or
>>
>> (3) by clear and convincing evidence, but for a violation of the United States Constitution no rational juror would have answered in the State's favor one or more of the special issues that were submitted to the jury in the applicant's trial under article 37.071 or 37.0711.

Speer filed his state-post conviction petition in 2004. He contends that he meets the requirements of 11.071 Sec. 5 (a)(1), because the factual basis for his claim that the government did not disclose that it had offered incentives to inmate witnesses to testify against him was unavailable.

3

Because this information was contained in another defendant's court file and that file was sealed, it is not entirely clear that the state court would refuse to address the merits of Speer's unexhausted claims. The Court will decline the Director's request to treat Speer's new claims as if they had been procedurally defaulted.

The next issue for the Court is whether to stay the case while Speer returns to state court to exhaust his new claims. The test for whether to stay a case in these circumstances was set forth in *Rhines v. Weber,* 544 U.S. 269, 276 (2005):

1. The petitioner must have had good cause for not presenting his claims to the state court;

2. The petitioner's claims cannot be plainly meritless, and

3. The petitioner must not have engaged in intentional delay or in abusive tactics during the litigation.

Regarding the first element, that the factual bases for these claims may not have been available at the time Speer filed his state post-conviction petition meets the requirement that he have good cause for failing to present these claims to that forum. *See McClesky v. Zant,* 499 U.S. 467, 493-94 (1991).

Regarding the second element, Speer's claim that inmates were offered incentives for their testimony and this fact was not disclosed to him does not appear, on its face, plainly meritless, and the record at this point does not contain sufficient evidence to establish plainly that Speer's claims lack merit.

Regarding the third element, Speer claims that in October of 2007, shortly after become aware of evidence which could support his new claims, he filed a motion requesting leave to conduct discovery related to the claims. The Director points out that Speer filed the present motion, asking to return to state court to exhaust his new claims, five months later. The Director contends that Speer

"should have filed the instant motion at the time he sought discovery." The Court, however, finds that its interest in comity - allowing the state court the first opportunity to determine federal constitutional claims raised by state prisoners - is not outweighed by its interest in prompt disposition of cases when the delay in requesting the opportunity to obtain state court review of a claim is only five months. Because Speer's new claims meet the three elements of the *Rhines* test, the Court will stay these proceedings to allow him to present his claims to the state courts.

When, as here, a district court determines a stay is appropriate, it should "place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 276. IT IS THEREFORE ORDERED that Speer request the appointment of counsel within 30 days from the entry of this order, file his second petition within 30 days from the date that request is ruled upon, and notify the Court within 30 days of the disposition of his second petition.

IT IS FURTHER ORDERED that the present proceedings are stayed until further order of the Court.

SIGNED this 13th day of May, 2008.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE