IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| **WILLIAM SPEER,** | § | |
| Petitioner, | § | |
| vs. | § | Civil Action No. 2:04cv269 |
| **RICK THALER, Director**, | § | |
| Texas Department of Criminal Justice, Correctional Institutions Division, | § | |
| Respondent. | | |

## **CERTIFICATE OF APPEALABILITY**

THIS MATTER comes before the court on Petitioner William Speer's ("Speer's") application for a certificate of appealability (document # 57), filed on December 31, 2012. Speer was convicted of capital murder and sentenced to death by the State of Texas. After exhausting his appeals, he filed an application for a writ of *habeas corpus* in this Court. On December 14, 2012, the Court denied his application. In order to appeal this denial, Speer must obtain a certificate of appealability pursuant to 28 U.S.C. §2253. Subsection (c)(2) of that statute provides that an application for a certificate of appealability shall be granted if a petitioner makes a substantial showing of the denial of a constitutional right. To make such a showing, a petitioner must demonstrate that the issue is (1) debatable among jurists of reason, in that a court could resolve the issues in a different manner; or (2) that the questions are adequate to deserve encouragement to proceed further. *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983). Because this is a capital case, any doubt whether Speer's claims meet those standards must be resolved in his favor. *Fuller v. Johnson*, 114 F.3d 491, 495 (5th Cir.), *cert. denied*, 522 U.S. 963 (1997).

Speer requests the Court to certify all five of the claims in his application for a writ of *habeas corpus* for appeal. Those claims were:

> 1. His counsel rendered ineffective assistance of counsel by failing to investigate or present evidence that would have mitigated against his receiving the death penalty.
>
> 2. The trial court denied him a fair and impartial jury by excusing a prospective juror on the basis of his personal views about the death penalty.
>
> 3. The prosecution's facial expressions during cross examination and his comments about the credibility of a witness denied Speer a fair trial.
>
> 4. The two-year delay between Speer's indictment and the beginning of his trial violated his right to a speedy trial.
>
> 5. The State deprived him of due process of law when it withheld material evidence and knowingly allowed false testimony to be presented.

Speer did not explain why his claims should be certified, so the Court reviewed his claims and it finds that his fourth claim: that the two-year delay between his indictment and the beginning of his trial violated his right to a speedy trial, and his fifth claim: that the State deprived him of due process of law when it withheld material evidence and knowingly allowed false testimony to be presented, are both adequate to deserve encouragement to proceed further.

The Court finds that the issues raised in Speer's first three claims are not debatable among jurists of reason, and are not adequate to deserve encouragement to proceed further.

IT IS THEREFORE ORDERED that a Certificate of Appealability is issued as to the fourth and fifth claims in Speer's application for a writ of *habeas corpus*.

**So ORDERED and SIGNED this 9th day of January, 2013.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE