IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| WILLIAM SPEER, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 2:04-cv-00269-JRG-RSP |
| | § | *CAPITAL CASE* |
| LORIE DAVIS, | § | |
| Director, Texas Department | § | |
| of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

## RESPONDENT DAVIS'S RESPONSE IN OPPOSITION TO PETITIONER'S MOTION TO ALTER OR AMEND JUDGMENT

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

ADRIENNE McFARLAND
Deputy Attorney General
For Criminal Justice

EDWARD L. MARSHALL
Chief, Criminal Appeals Division

ERICH DRYDEN
Assistant Attorney General
Criminal Appeals Division
*Counsel of Record*

P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 936-1400
*erich.dryden@oag.texas.gov*

*Attorneys for Respondent*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................ii

ARGUMENT ....................................................................................... 1

I.    Speer's Motion Should Be Denied Because It Is Arguably a
      Successive Petition. ............................................................... 2

II.   In Any Event, Speer's Motion Is Meritless. ...................................... 4

III.  Speer Was Not Entitled to an Evidentiary Hearing......................... 8

IV.   This Court Correctly Denied Speer a Certificate of
      Appealability (COA)........................................................... 10

CONCLUSION ................................................................................. 13

CERTIFICATE OF SERVICE .................................................... 14

# TABLE OF AUTHORITIES

**Cases**

*Atkins v. Virginia,* 536 U.S. 304 (2002) .............................................................6

*In re Benjamin Moore & Co.,* 318 F.3d 626 (5th Cir. 2002) .............................2

*Bradshaw v. Richey,* 546 U.S. 74 (2005) ............................................................9

*Brewer v. Quarterman,* 550 U.S. 286 (2007) .....................................................7

*Cannady v. Dretke,* 173 F. App'x 321 (5th Cir. 2006) .................................... 12

*Correll v. Ryan,* 539 F.3d 938 (9th Cir. 2008) ............................................... 11

*Cullen v. Pinholster,* 563 U.S. 170 (2011) ........................................................6

*In re Edwards,* 865 F.3d 197 (5th Cir.), *cert. denied sub nom.*
    *Edwards v. Davis,* 137 S. Ct. 909 (2017) .......................................................3

*Estelle v. McGuire,* 502 U.S. 62 (1991) .............................................................7

*Exxon Shipping Co. v. Baker,* 554 U.S. 471 (2008) ...........................................6

*Fontenot v. Mesa Petroleum Co.,* 791 F.2d 1207 (5th Cir. 1986) .......................2

*Gonzales v. Crosby,* 545 U.S. 524 (2005) ..........................................................3

*Gray v. Epps,* 616 F.3d 436 (5th Cir. 2010) .......................................................6

*Harcon Barge Co., Inc. v. D & G Boat Rentals, Inc.,* 784 F.2d 665
    (5th Cir. 1986)...............................................................................................3

*Holland v. Jackson,* 542 U.S. 649 (2004)...........................................................9

*Johnson v. Cockrell,* 306 F.3d 249 (5th Cir. 2002) ............................................6

*Martinez v. Quarterman,* 481 F.3d 249 (5th Cir. 2007) .................................. 11

*Murphy v. Johnson,* 205 F.3d 809 (5th Cir. 2000) .............................................8

ii

*Paramount Pictures Corp.  v. Video Broad. Sys., Inc.,*
   No. 89-1412-C, 1989 WL 159369 (D. Kan. 1989) ..........................................2

*Penry v. Lynaugh*, 492 U.S. 302 (1989) ...............................................................4

*S. Constructors Grp., Inc. v. Boudreaux*, 2 F.3d 606 (5th Cir. 1993) ................2

*Schriro v. Landrigan*, 550 U.S. 465 (2007)..........................................................8

*Simon v. United States*, 891 F.2d 1154 (5th Cir. 1990) ................................. 1, 2

*Sonnier v. Quarterman*, 476 F.3d 349 (5th Cir. 2007) ........................................7

*Strickland v. Washington,* 466 U.S. 668 (1984) ........................................*passim*

*Templet v. Hydrochem Inc.*, 367 F.3d 473 (5th Cir. 2004) ............................ 1, 2

*Thomas v. Horn,* 570 F.3d 105 (3rd Cir. 2009)................................................. 11

*In re Transtexas Gas Corp.,* 303 F.3d 571 (5th Cir. 2002)..................................1

*Trevino v. Davis*, 861 F.3d 545 (5th Cir. 2017) ..................................................6

*United States v. Carolina E. Chem. Co., Inc.,*
   639 F. Supp. 1420 (D. S.C. 1986) ..................................................................2

*United States v. Key*, 205 F.3d 773 (5th Cir. 2000) ............................................3

*Weeks v. Scott*, 55 F.3d 1059 (5th Cir. 1995) .....................................................7

*Wiggins v. Smith*, 539 U.S. 510 (2003) ........................................................ 7, 12

*Williams v. Taylor*, 529 U.S. 420 (2000) .............................................................9

*Williams v. Thaler,* 602 F.3d 291 (5th Cir. 2010) ...............................................3

*Wong v. Belmontes*, 558 U.S. 15 (2009).................................................. 5, 7, 11

iii

**Statutes**

28 U.S.C. § 2254 ................................................................................. 1, 9, 10

28 U.S.C. § 2244 ..................................................................................... 3

**Rules**

Federal Rule of Civil Procedure 59(e) ........................................... *passim*

Federal Rule of Civil Procedure 60(b) ............................................... 3

## RESPONDENT DAVIS'S RESPONSE IN OPPOSITION TO PETITIONER'S MOTION TO ALTER OR AMEND JUDGMENT

This is a federal habeas corpus proceeding initiated by Petitioner William Speer, a death-sentenced Texas inmate, pursuant to 28 U.S.C. § 2254. Recently, this Court denied Speer federal habeas relief.  Docket Entry (DE) 114 & 115.  Speer has now filed a motion to alter or amend the judgment, pursuant to Federal Rule of Civil Procedure 59(e), arguing that this Court's ruling resulted in a manifest error of law.  Speer is incorrect, and for the following reasons, the motion should be denied.

## ARGUMENT

"Motions [under Rule 59] for a new trial or to alter or amend a judgment must clearly establish either a manifest error of law or must present newly discovered evidence."  *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990).  Such "motions cannot be used to raise arguments which could, and should, have been made before judgment issued.  Moreover, they cannot be used to argue a case under a new legal theory."  *Id.*

A Rule 59(e) motion "'calls into question the correctness of the judgment.'"  *Templet v. Hydrochem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)).  However, "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly."  *Id.* at 479.  It is "not the proper vehicle

1

for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* at 479 (citing *Simon*, 891 F.2d at 1159). "[A] party's failure to present his strongest case in the first instance does not entitle him to a second chance in the form of a motion to amend." *Paramount Pictures Corp. v. Video Broad. Sys., Inc.*, No. 89-1412-C, 1989 WL 159369, at *1 (D. Kan. Dec. 15, 1989) (citing *United States v. Carolina E. Chem. Co., Inc.*, 639 F. Supp. 1420, 1423 (D. S.C. 1986)). Indeed, the Fifth Circuit recognizes that Rule 59(e) "favor[s] the denial of motions to alter or amend a judgment." *S. Constructors Grp., Inc. v. Boudreaux*, 2 F.3d 606, 611 (5th Cir. 1993). To prevail on a Rule 59(e) motion, the moving party must demonstrate (1) an intervening change of controlling law, (2) the availability of new evidence, or (3) the need to correct a clear error or to prevent manifest injustice. *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002); *Fontenot v. Mesa Petroleum Co.*, 791 F.2d 1207, 1219 (5th Cir. 1986).

## I. Speer's Motion Should Be Denied Because It Is Arguably a Successive Petition.

Speer's motion seeks to reargue the merits of his ineffective-assistance-of-trial-counsel (IATC) claim. Essentially, he claims that the Court's analysis of the prejudice prong of *Strickland*[1] was incorrect. DE 117 at 2–5. Speer claims that his motion challenges a manifest error of law, but it is couched in

---

[1]     *Strickland v. Washington*, 466 U.S. 668 (1984).

that manner to avoid a jurisdictional bar.  The true purpose of Speer's motion is to attack the Court's resolution of his claim on the merits.

In *Gonzales v. Crosby*, the Supreme Court held that a Rule 60(b) motion must be construed as a successive petition when it seeks to add a new claim or readjudicate a previously raised claim.  545 U.S. 524, 530–31 (2005); *see also In re Edwards*, 865 F.3d 197, 203 (5th Cir.) (holding that a Rule 60(b) motion must be treated as a successive petition if it raises a new claim or attacks the federal court's previous resolution of a claim on the merits), *cert. denied sub nom. Edwards v. Davis*, 137 S. Ct. 909 (2017).  In *Williams v. Thaler*, the Fifth Circuit applied the *Gonzales* framework to Rule 59(e) motions since both "[i]n practice . . . 'permit the same relief—a change in judgment.'"  602 F.3d 291, 303 (5th Cir. 2010) (quoting *Harcon Barge Co., Inc. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 669 (5th Cir. 1986)).  This is exactly what Speer is attempting to do—persuade the Court to change its ruling on the merits.  Thus, Speer's motion should be treated as a successive petition.  And because Speer has not obtained authorization from the Fifth Circuit to file a successive habeas petition as dictated by 28 U.S.C. § 2244(b)(3)(A), this Court lacks jurisdiction to consider the motion.  *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (holding that § 2244(b)(3)(A) acts as a jurisdictional bar to the consideration of a successive petition until the appellate court grants a petitioner permission to file one).

3

## II.     In Any Event, Speer's Motion Is Meritless.

Speer alleges that this Court's determination that much of his newly-presented evidence is double-edged was incorrect:

> Speer has detailed the legal and practical deficiencies with this "double edged" analysis: 1) it has been unmoored from its original legal context, which is the performance prong of *Strickland v. Washington* [], not the prejudice prong; 2) in excluding evidence that could have some prejudicial value, it deprives a jury of the choice to give effect to the mitigating aspect of evidence—a choice the Supreme Court has held a jury must have; 3) it is based on an incorrect understanding of Texas capital sentencing law, which does not permit a jury to weigh mitigating evidence against "future dangerousness" evidence; and 4) it fails to consider the new evidence in the context of all the evidence presented and discovered. Pet. Obj. at 18–37.  Speer reurges these objections here.

DE 117 at 2.  Speer is merely rehashing arguments he has previously made, while also injecting some new legal theories.  For instance, as shown, Speer states that "excluding evidence that could have some prejudicial value . . . deprives a jury of the choice to give effect to the mitigating aspect of evidence." This argument is not on point because Speer is apparently referencing case law pertaining to whether the special issues permit a jury to give effect to mitigating evidence. *See, e.g., Penry v. Lynaugh*, 492 U.S. 302, 327–28 (1989) ("In this case, in the absence of instructions informing the jury that it could consider and give effect to the mitigating evidence of Penry's mental retardation and abused background by declining to impose the death penalty, we conclude that the jury was not provided with a vehicle for expressing its

'reasoned moral response' to that evidence in rendering its sentencing decision."). That is not the issue here. This is an IATC claim, not an allegation that the jury was precluded from considering mitigating evidence. Moreover, this Court obviously cannot deprive the jury of anything since Speer's trial occurred years ago.[2]

The case law also supports this Court's analysis. In *Wong v. Belmontes*, the Supreme Court held:

> In balancing the mitigating factors against the aggravators, the Court of Appeals repeatedly referred to the aggravating evidence the State presented as 'scant.' That characterization misses *Strickland's* point that the reviewing court must consider all the evidence—the good and the bad—when evaluating prejudice. Here, the worst kind of bad evidence would have come in with the good.

558 U.S. 15, 26 (2009) (holding petitioner failed to demonstrate that counsel's failure to present mitigating evidence was prejudicial) (citing *Strickland*, 466 U.S. at 695–96).

Speer then discusses several cases where juries were presented evidence he claims was arguably double-edged and sentenced the defendant to life

---

[2]     To the extent Speer is arguing that this Court's decision not to grant him habeas relief deprives a future jury of the chance to assess and give effect to his new mitigating evidence, this claim has no merit. In effect, Speer is arguing that where a petitioner presents new evidence that is potentially mitigating, it must be left to a jury to assess its value, not a reviewing habeas court. In other words, Speer appears to be fashioning a rule that would require habeas relief in nearly every case, without regard to the quality and quantity of the evidence. Obviously, that suggestion renders habeas review meaningless and is foreclosed by all the relevant precedent.

imprisonment.  DE 117 at 2–4.  But this merely illustrates that Speer is not asserting a manifest error of law; rather, Speer is "rehashing evidence, legal theories, or arguments" and claiming that, at the end of the day, the Court arrived at the wrong conclusion.  Rule 59(e) is not a forum to "relitigate old matters" or raise arguments that could have been presented earlier.  *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008).

Moreover, Speer's complaints about this Court's determination that much of his new evidence is double-edged are incorrect.  The Fifth Circuit has long held that mitigating evidence that is equally aggravating in nature cannot satisfy the prejudice prong of *Strickland*.  *Trevino v. Davis*, 861 F.3d 545, 550–51 (5th Cir. 2017); *Gray v. Epps*, 616 F.3d 436, 449 (5th Cir. 2010); *Johnson v. Cockrell*, 306 F.3d 249, 253 (5th Cir. 2002).  And contrary to Speer's suggestion that, under *Strickland*, the "double-edged" characterization applies to deficient performance and not prejudice, the Supreme Court has held the same as the Fifth Circuit post-*Strickland*.  *Cullen v. Pinholster*, 563 U.S. 170, 201 (2011) ("There is no reasonable probability that the additional evidence Pinholster presented in his state habeas proceedings would have changed the jury's verdict. . . .The new evidence relating to Pinholster's family—their more serious substance abuse, mental illness, and criminal problems []—is also by no means clearly mitigating, as the jury might have concluded that Pinholster was simply beyond rehabilitation.") (citing *Atkins v. Virginia*, 536 U.S. 304,

321 (2002) (recognizing that mitigating evidence can be double-edged such that juries might find it demonstrates future dangerousness)); *Wong*, 558 U.S. at 26; *see also Brewer v. Quarterman*, 550 U.S. 286, 292–93 (2007) ("Brewer's mitigating evidence served as a 'two-edged sword' because it tended to confirm the State's evidence of future dangerousness as well as lessen his culpability for the crime.").

Finally, Speer's claim that this Court's "double-edged" analysis is based on an incorrect understanding of Texas law about the weighing of evidence is meritless.  To the extent Speer is claiming this Court is not accounting for Texas trial procedures, it is not this Court's place to do so.  *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991); *Weeks v. Scott*, 55 F.3d 1059, 1063 (5th Cir. 1995) ("It is not our function as a federal appellate court in a habeas proceeding to review a state's interpretation of its own law.").  Rather, "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *McGuire*, 502 U.S. at 68.  It would be improper for this Court to analyze Speer's *Strickland* claim based on state law procedures.  At any rate, Speer is incorrect because the Supreme Court has held: "In assessing prejudice, we reweigh the evidence in aggravation against the totality of available mitigating evidence." *Wiggins v. Smith*, 539 U.S. 510, 534 (2003); *see also Sonnier v. Quarterman*, 476 F.3d 349, 360 (5th Cir. 2007).  This is precisely the analysis this Court performed.

### III.   Speer Was Not Entitled to an Evidentiary Hearing.

Next, Speer claims that the Court's failure to hold an evidentiary hearing

amounts to a manifest error of law.  He states as follows:

> The Magistrate Judge made what amounts to a judgment call—
> that the evidence could be viewed as aggravating and thus that
> Speer had not shown that he was prejudiced by its omission.  That
> sort of conclusion should not be made without first hearing from
> live witnesses who could summarize the evidence, explain
> findings, and, importantly, demonstrate how the evidence fits in
> the narrative of Speer's capital trial.

DE 117 at 6.

Speer does not actually point to any manifest error of law.  Instead, he

asserts the magistrate made the wrong "judgment call," i.e., exercised his

discretion in the wrong manner.  But "a District Court has discretion to deny

an evidentiary hearing" particularly where a petitioner raises an IATC claim

for failure to present mitigating evidence "and the mitigating evidence he seeks

to introduce would not have changed the result."  *Schriro v. Landrigan*, 550

U.S. 465, 481 (2007); *see also Murphy v. Johnson*, 205 F.3d 809, 816 (5th Cir.

2000) ("where a district court has before it sufficient facts to make an informed

decision regarding the merits of a claim, a district court does not abuse its

discretion in refusing to grant an evidentiary hearing").

Moreover, Speer was not entitled to a hearing anyway given his lack of

diligence in state court.  Here, the magistrate determined that state habeas

counsel was deficient for failing to raise this IATC claim. DE 102 at 25–26.

The AEDPA's bar on evidentiary hearings is triggered if the habeas petitioner "has failed to develop the factual basis of a claim in State court proceedings." 28 U.S.C. § 2254(e)(2).  That opening clause is met if the prisoner "was at fault for failing to develop the factual bases for his claims in state court," *Bradshaw v. Richey*, 546 U.S. 74, 79 (2005) (per curiam), meaning a "lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." *Williams v. Taylor*, 529 U.S. 420, 432 (2000).   Under accepted agency principles, state habeas counsel's lack of diligence is attributed to the prisoner for § 2254(e)(2) purposes.  *Holland v. Jackson*, 542 U.S. 649, 652–53 (2004); *Williams*, 529 U.S. at 437, 439–40.  Thus, when an IATC claim is procedurally defaulted because it was not raised by state habeas counsel, there was not a "diligent" attempt, *id*. at 432, "to develop the factual basis of [that IATC] claim in State court proceedings."  28 U.S.C. § 2254(e)(2).

Section 2254(e)(2)'s other exceptions are likewise inapplicable.  Section 2254(e)(2)'s general bar does not apply where the claim relies on a new, retroactive, and previously unavailable rule of constitutional law or when the factual predicate could not have been previously discovered through the exercise of due diligence.  28 U.S.C. § 2254(e)(2)(A)(i), (ii).  *Strickland* is clearly not a new rule of constitutional law, and Speer's proposed mitigating evidence was discoverable via the exercise of due diligence.  Moreover, to circumvent the statute, Speer has the difficult burden of showing that "the facts underlying

9

the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."  28 U.S.C. § 2254(e)(2)(B).  Here, Speer's claim concerns punishment and not guilt-innocence, and there is no question that he is guilty of capital murder.

Because Speer was not diligent in state court, and given that the other § 2254(e)(2) exceptions do not apply, the Court could not have granted him a hearing.  Thus Rule 59(e) relief is not merited.

## IV.   This Court Correctly Denied Speer a Certificate of Appealability (COA).

Last, Speer claims the Court erred in not granting a COA on his IATC claim.  He states:

> The remaining question—the one upon which this case rests—is whether a single juror, having heard the evidence, would have chosen a life sentence rather than a sentence of death.  To conclude that Speer had not satisfied his burden on this question, the Court made two findings—first, that the evidence was "double edged," and, second, that no juror would have given mitigating effect to it. Speer respectfully submits that these findings were not inevitable. The second, finding, especially, required the Court to stand in place of the jurors who would have heard the new evidence.  Given the highly nuanced and subjective nature of this inquiry, it cannot be that reasonable jurists could not even *debate* the outcome.

DE 117 at 7–8 (emphasis in original).   Speer then discusses two cases—

*Thomas v. Horn*[3] and *Correll v. Ryan*[4]—where the appellate courts held that unpresented double-edged evidence could nonetheless be mitigating.  DE 117 at 8–9.

The problem with Speer's argument and repeated complaints about "double-edged evidence" are that they ignore "the elephant in the courtroom." *Wong*, 558 U.S. at 26.  The "elephant" in this case is that Speer has already proven he is a future danger to society.  He was incarcerated in prison for life for committing one capital murder, and then he murdered another inmate. Clearly, life imprisonment did not deter him.  As this Court stated,

> Speer had already been convicted once of capital murder, and then he killed again.  The present conviction involves a heinous gang-related murder of a prisoner by two other prisoners.  The following conclusion by the Fifth Circuit is equally applicable to the present case: "the additional mitigating evidence was not so compelling, especially in light of the horrific facts of the crime, that the sentencer would have found a death sentence unwarranted."

DE 115 at 5 (quoting *Martinez v. Quarterman*, 481 F.3d 249, 259 (5th Cir. 2007)); *see also* DE 102 at 31–32.

Further, neither the *Thomas* nor *Correll* cases involved an inmate sentenced to life imprisonment who subsequently committed capital murder. But in a case on point involving an IATC claim and a near identical crime, the

---

[3]      570 F.3d 105 (3rd Cir. 2009).

[4]      539 F.3d 938 (9th Cir. 2008).

Fifth Circuit held as follows:

> The district court noted that, by the time of sentencing, the jury
> knew that Cannady previously had been convicted of two murders,
> and was serving life sentences for those murders when he stomped
> and bludgeoned his cellmate to death. Consequently, the court
> determined that even if counsel had successfully objected to the
> officer's testimony, there was little probability that the jury would
> not have concluded that Cannady posed a future danger or that
> the mitigating evidence outweighed the evidence of future
> dangerousness. *The district court's resolution of this claim is not
> debatable.*

*Cannady v. Dretke*, 173 F. App'x 321, 326–27 (5th Cir. 2006) (emphasis added).

In short, a COA was correctly denied here due to the combination of the double-edged evidence *and* the fact that Speer was already serving a life sentence for capital murder when he committed another capital murder. Speer's argument fails because it is solely focused on the alleged mitigating effects of the former while disregarding the aggravating nature of the proposed evidence and the facts of his capital crimes, contrary to the instructions of *Strickland* and *Wiggins*.

Finally, Speer argues that a COA should have been granted based on his arguments addressed in Section II, *supra*. But as shown, his arguments are either not on point or foreclosed by Supreme Court precedent. Because this Court correctly determined that reasonable jurists would not debate the denial of Speer's petition on procedural or substantive grounds, a COA should not have been granted.

12

## CONCLUSION

For the reasons stated above, Speer's motion to alter or amend the judgment should be denied.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

ADRIENNE McFARLAND
Deputy Attorney General
for Criminal Justice

EDWARD L. MARSHALL
Chief, Criminal Appeals Division


 /s/ Erich Dryden_____
*ERICH DRYDEN
*Attorney-in-Charge          Assistant Attorney General
State Bar No. 24008786

P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 936-1400
(512) 320-8132 (Fax)

ATTORNEYS FOR RESPONDENT

13

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing Respondent Davis's Response in Opposition to Petitioner's Motion to Alter or Amend Judgment has been served electronically to John Nickelson and Donna Coltharp, counsel for the Petitioner, on this the 24th day of October, 2018.


 /s/ Erich Dryden
ERICH DRYDEN
Assistant Attorney General