IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| WILLIAM SPEER, #999398, | § | |
| | § | |
|     *Petitioner,* | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:04cv269 |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
|     *Respondent.* | § | |

**MEMORANDUM OPINION AND ORDER
DENYING MOTION TO ALTER OR AMEND JUDGMENT**

Before the court is Petitioner William Speer's motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e) (Dkt. #117). The Director has filed a response in opposition to the motion (Dkt. #119), and Speer has filed a reply (Dkt. #120). For reasons set forth below, the motion is **DENIED**.

**Procedural History**

Speer was sentenced to death for the capital murder of Gary Dickerson, a fellow inmate. The conviction was affirmed on direct appeal. *Speer v. State*, No. 74,253, 2003 WL 22303983 (Tex. Crim. App. Oct. 8, 2003) (unpublished). His initial application for a writ of habeas corpus filed in state court was denied on the merits. *Ex parte Speer*, No. 59,101-01, 2004 WL 7330992, at *1 (Tex. Crim. App. June 30, 2004) (unpublished).

On July 21, 2004, Speer filed the present petition. On May 13, 2008, the Court stayed the proceedings in order to give Speer the opportunity to present his unexhausted claims to the state court system. The Texas Court of Criminal Appeals ("TCCA") dismissed his subsequent state

1

application as an abuse of the writ. *Ex parte Speer*, No. 59,101-02, 2010 WL 724430 (Tex. Crim. App. March 3, 2010) (unpublished). Speer returned to this Court and filed an amended petition. On December 14, 2012, the petition was denied.

Speer filed a notice of appeal. In the mean time, the United States Supreme Court issued *Martinez v. Ryan*, 566 U.S. 1 (2012), and *Trevino v. Thaler*, 569 U.S. 413 (2013). On March 30, 2015, the United States Court of Appeals for the Fifth Circuit remanded the present case in part with instructions "to appoint supplemental counsel" and "to consider in the first instance whether Speer can establish cause and prejudice for the procedural default of any ineffective-assistance-of-trial-counsel claims pursuant to *Martinez* and *Trevino* that he may raise, and if so, whether those claims merit relief." *Speer v. Stephens*, 781 F.3d 784, 787 (5th Cir. 2015).

Supplemental counsel was appointed, and the Court authorized extensive funding for a mitigation specialist. Speer proceeded to file a brief arguing that his trial and state habeas counsel were ineffective in investigating and presenting mitigating evidence. The Court conducted a review of the evidence presented at trial in mitigation, along with the new evidence submitted by Speer's mitigation expert. After reweighing all of the mitigation evidence, both old and new, the Court found that the aggravating evidence outweighs the mitigating evidence. The Court ultimately concluded that Speer had not proven prejudice. Relief was denied.

In the present motion, Speer argues that the Court misapplied the prejudice test and that he should have been given an evidentiary hearing.

## Standard of Review

The United States Supreme Court discussed the purpose of Rule 59(e) as follows:

Rule 59(e) was added to the Federal Rules of Civil Procedure in 1946. Its draftsmen had a clear and narrow aim. According to the accompanying Advisory Committee

> Report, the Rule was adopted to "mak[e] clear that the district court possesses the power" to rectify its own mistakes in the period immediately following the entry of judgment. . . . Consistently with this original understanding, the federal courts have invoked Rule 59(e) only to support reconsideration of matters properly encompassed in a decision on the merits.

*White v. New Hampshire Dept. of Employment Sec.*, 455 U.S. 445, 450-51, 102 S. Ct. 1162, 1165-66 (1982) (citations omitted). "Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5, 128 S. Ct. 2605, 2617 n.5 (2008) (citation omitted).

The Fifth Circuit has observed that a Rule 59(e) motion "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (citation and internal quotations omitted). It "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citation omitted), *cert. denied*, 543 U.S. 976, 125 S. Ct. 411 (2005). The Fifth Circuit has repeatedly specified that the purpose of a Rule 59(e) motion is not to rehash arguments that have already been raised before a court. *See, e.g.*, *Naquin v. Elevating Boats, L.L.C.*, 817 F.3d 235, 240 n.4 (5th Cir. 2016); *Winding v. Grimes*, 405 F. App'x 935, 937 (5th Cir. 2010). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479 (citations omitted). The decision to alter or amend a judgment is committed to the sound discretion of the district judge and will not be overturned absent an abuse of discretion. *Southern Contractors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 & n.18 (5th Cir. 1993).

3

Discussion and Analysis

Speer is improperly using a Rule 59(e) motion as a means to rehash evidence, legal theories and arguments that have already been considered and rejected by the Court.

Nonetheless, to be clear, the issue before the Court is whether trial and state habeas counsel were ineffective in investigating and presenting mitigating evidence. The standard for evaluating ineffective assistance of counsel claims was established by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1994). *Strickland* provides a two-pronged standard, and a petitioner bears the burden of proving both prongs. 466 U.S. at 687. Under the first prong, he must show that counsel's performance was deficient. *Id.* To establish deficient performance, he must show that "counsel's representation fell below an objective standard of reasonableness," with reasonableness judged under professional norms prevailing at the time counsel rendered assistance. *Id.* at 688. Under the second prong, the petitioner must show that his attorney's deficient performance resulted in prejudice. *Id.* at 687. To satisfy the prejudice prong, the habeas petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. An ineffective assistance of counsel claim fails if a petitioner cannot satisfy either the deficient performance or prejudice prong; a court need not evaluate both if he makes an insufficient showing as to either. *Id.* at 697. The *Strickland* standard applies to ineffective assistance of counsel claims raised in the context of *Martinez* and *Trevino*. *See Martinez*, 566 U.S. at 14. The *Strickland* standard was thoroughly discussed and applied in the Order of Dismissal.

Speer specifically argues that his trial and initial state habeas counsel were ineffective in failing to discharge their duty of conducting an investigation into his life; thus, they failed to uncover powerful mitigating evidence. The case law is abundantly clear that "in the context of a capital sentencing proceeding, defense counsel has the obligation to conduct a 'reasonably substantial, independent investigation' into potential mitigating circumstances." *Neal v. Puckett*, 286 F.3d 230, 236-37 (5th Cir. 2002) (quoting *Baldwin v. Maggio*, 704 F.2d 1325, 1332-33 (5th Cir. 1983)), *cert. denied*, 537 U.S. 1104 (2003). The "investigation into mitigating evidence should comprise efforts to discover *all reasonably available* mitigating evidence." *Wiggins v. Smith*, 539 U.S. 510, 524 (2003) (emphasis in original).

In evaluating the issue of prejudice, courts must reweigh the quality and quantity of the available mitigating evidence, including that presented in post-conviction proceedings, against the aggravating evidence. *Williams v. Taylor*, 529 U.S. 362, 397-98 (2000); *Blanton v. Quarterman*, 543 F.3d 230, 236 (5th Cir. 2008), *cert. denied*, 556 U.S. 1240 (2009). "In evaluating that question, it is necessary to consider *all* the relevant evidence that the jury would have had before it if [the petitioner] had pursued the different path - not just the mitigation evidence [the petitioner] could have presented, but also the . . . evidence that almost certainly would have come with it." *Wong v. Belmontes*, 558 U.S. 15, 20 (2009) (emphasis in original). After reweighing all the mitigating evidence against the aggravating evidence, a court must determine whether the petitioner "has shown that, had counsel presented all the available mitigating evidence, there is a reasonable probability that a juror would have found that the mitigating evidence outweighed the aggravating evidence." *Gray v. Epps*, 616 F.3d 436, 442 (5th Cir. 2010) (quoting *Wiggins*, 539 U.S. at 534), *cert. denied*, 563 U.S. 905 (2011). "The likelihood of a different result must be

substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011) (citing *Strickland*, 466 U.S. at 693). "[T]here is no prejudice when the new mitigating evidence 'would barely have altered the sentencing profile presented' to the decisionmaker." *Sears v. Upton*, 561 U.S. 945, 954 (2010) (citing *Strickland*, 466 U.S. at 700).

In the present case, supplemental counsel discovered and presented an extensive amount of new evidence that could have been used as mitigating evidence at trial. Much of the evidence came from Speer's previous capital murder trial, including a psychological evaluation, a neurological evaluation, a psychiatric evaluation, a social history, a certification investigation report, the testimony of Speer's mother (now deceased), and the testimony of clinical psychologist Walter Quijano. Additional evidence came from family members, including Speer's half-sister, step-father (who killed Speer's mother), cousin, and maternal aunt. The additional evidence shows, among other things, a dysfunctional family where there was physical and sexual abuse, and drug usage.

There is no question that additional evidence could have presented by counsel at trial. The dispositive factor is prejudice. The Director appropriately characterized the new proposed mitigating evidence as "double-edged," and "[m]itigation, after all, may be in the eye of the beholder." *Martinez v. Cockrell*, 481 F.2d 249, 258 (5th Cir. 2007) (quoting *Burger v. Kemp*, 483 U.S. 776, 794 (1987)), *cert. denied*, 552 U.S. 1146 (2008). The Fifth Circuit has observed, for example, that evidence of "brain injury, abusive childhood, and drug and alcohol problems is all 'double-edged.' In other words, even if his recent claims about this evidence is true, it could all be read by the jury to support, rather than detract, from his future dangerousness claim." *Johnson v. Cockrell*, 306 F.3d 249, 253 (5th Cir. 2002), *cert. denied*, 538 U.S. 926 (2003). The Director

argued that had defense counsel presented the new proposed mitigating evidence at trial, the prosecution would have had ammunition to explain not only why Speer committed capital murder twice, but why he would pose a future danger of killing again if sent back to the general population. The Director appropriately characterized the new proposed mitigating evidence submitted by supplemental habeas counsel as "double-edged," which could be viewed as more aggravating than mitigating.

In dismissing the case, the Court found that the additional evidence of Speer's deficits ranging from learning disabilities to emotional problems, along with evidence of his dysfunctional family, including physical and sexual abuse, and drug usage, is indeed tragic, but such evidence could be viewed as more aggravating than mitigating. The new evidence was predominantly doubled-edged. After reweighing all of the mitigating evidence, both old and new, against the aggravating evidence, the Court found that there is *no* reasonable probability that a juror would have found that the mitigating evidence outweighed the aggravating evidence. Speer simply failed to show prejudice. Moreover, he failed to satisfy the requirements of *Martinez* and *Trevino*. He failed to show that he is entitled to a writ of habeas corpus.

Speer erroneously claims that the Court employed the wrong standard. The Supreme Court has clearly held, however, that "[i]n assessing prejudice, we reweigh the evidence in aggravation against the totality of the available mitigating evidence." *Wiggins*, 539 U.S. at 534. The Court employed the test required by the Supreme Court and found that Speer had not shown prejudice.

Speer criticizes the Court's decision focusing on the double-edged nature of the new evidence. The Supreme Court has stressed, however, that mitigation evidence can have both

7

aggravating and mitigating effect. *See*, *e.g.*, *Penry v. Lynaugh*, 492 U.S. 302, 324 (1989), *abrogated on other grounds by Atkins v. Virginia*, 536 U.S. 304 (2002) (noting that "mental retardation and history of abuse is thus a two-edged sword: it may diminish [petitioner's] blameworthiness for [the] crime even as it indicates that there is a probability that he will be dangerous in the future"); *see also Atkins*, 536 U.S. at 321 (noting that mental impairment can be aggravating).

The Fifth Circuit has consistently and repeatedly recognized the same. *Trevino v. Thaler*, 861 F.3d 545, 550-551 (5th Cir. 2017) ("Jurors could easily infer from this new FASD evidence that Trevino might have had developmental problems reflected in his academic problems and poor decision making, but that he also engaged in a pattern of violent behavior toward both Cruz and Salinas that he understood was wrong."); *Clark v. Davis*, 673 F.3d 410, 423 (5th Cir. 2012) (finding Clark's unpresented mitigation evidence "'double-edged' in that while it might permit an inference that he is not as morally culpable for his behavior, it also might suggest [that the defendant], as a product of his environment, is likely to continue to be dangerous in the future.") (internal citations and quotations omitted); *Brown v. Thaler*, 684 F.3d 482, 499 (5th Cir. 2012) ("The evidence [of low intelligence and fetal alcohol syndrome] that Brown claims his counsel should have presented is 'double-edged' … ."); *Martinez v. Cockrell*, 481 F.3d 249, 258 (5th Cir. 2007) ("The jury could have felt that TLE [temporal lobe epilepsy] made Martinez a future danger because it inclined him toward uncontrolled aggression, or the jury could have accepted TLE as evidence that Martinez acted with diminished capacity.").

Speer discusses several cases where juries were presented evidence that was arguably double-edged and gave the defendants a sentence other than the death penalty. *United States v.*

8

*Bass*, 460 F.3d 830, 832-33 (6th Cir. 2006); *United States v. Kehoe*, No. 4:97-CR-00243(1), 2008 WL 4079316, at *2 (E.D. Ark. Aug. 28, 2008); *United States v. Beckford*, 211 F.3d 1255 (4th Cir. 2000); *United States v. Pitera*, 5 F.3d 624, 635 (2nd Cir. 1993); *United States v. Gilbert*, 92 F.Supp.2d 1, 2-3 (D. Mass. 2001). None of these cases, however, support the proposition that the wrong standard was employed in evaluating prejudice. More importantly, for purposes of Rule 59(e), Speer is simply "rehashing evidence, legal theories, or arguments" in claiming that the Court arrived at the wrong conclusion. Rule 59(e) is not a forum to "relitigate old matters" or raise arguments that could have been presented earlier. *Exxon Shipping*, 554 U.S. at 486 n.5. He has not shown a basis for relief under Rule 59(e).

## Evidentiary Hearing

Speer argues in the present motion that he should be granted an evidentiary hearing. When a habeas petitioner requests an evidentiary hearing, district courts have discretion over whether to grant one. *See Schriro v. Landrigan*, 550 U.S. 465, 468 (2007). A district court does not abuse its discretion when denying an evidentiary hearing if it had "sufficient facts before it to make an informed decision on the merits." *See McDonald v. Johnson*, 139 F.3d 1056, 1060 (5th Cir. 1998). For instance, no abuse of discretion occurs when, assuming "the truth of all the facts" the petitioner seeks "to prove at the evidentiary hearing," we are confident that "he still could not be granted federal habeas relief." *Schriro*, 550 U.S. at 481.

In the present case, the Court had sufficient facts to make an informed decision on the merits. Assuming the truth of all of the facts presented by Speer, he has not shown prejudice. He has not shown that he should be granted federal habeas relief.

Certificate of Appealability

Finally, in his reply to the Director's response, Speer asks the Court to grant him a certificate of appealability. In support of the motion, he observes that the Fifth Circuit recently granted a certificate of appealability in the case of his co-defendant, Anibal Canales. *Canales v. Davis*, 740 F. App'x 432 (5th Cir. 2018).

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 580 U.S. ___, 137 S. Ct. 759, 773 (2017). Instead, under 28 U.S.C. § 2253(c)(1), he must first obtain a certificate of appealability ("COA") from a circuit justice or judge. *Id.* A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner need only show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Speer has not satisfied either requirement. A certificate of appealability was properly denied. It is therefore

**ORDERED** that Speer's motion to alter or amend the judgment (Dkt. #117) is **DENIED**. A certificate of appealability is **DENIED**. All motions not previously ruled on are **DENIED**.

**So ORDERED and SIGNED this 14th day of December, 2018.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE